UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FISCHEL GOLDBERG AND JERRY VELASQUEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHPORT TECHNOLOGIES, LLC, KIMBALL MEDICAL CENTER, INC., COMMUNITY MEDICAL CENTER, INC., BARNABAS HEALTH, INC., OCEAN MEDICAL CENTER, JERSEY SHORE UNIVERSITY MEDICAL CENTER, and MERIDIAN HEALTH SYSTEM, INC.,<br><br>Defendants. | OPINION<br><br>No. 2:14-cv-2810 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiffs move to remand following removal by Defendant Healthport Technologies. The motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is granted.

**FACTUAL AND PROCEDURAL HISTORY**

On March 12, 2014, Plaintiffs filed an amended class action complaint in New Jersey state court, Docket No. ESX-L-1421-14. Def.'s Notice of Removal, Ex. B (Am. Compl.) (ECF No. 1-3). The amended complaint alleges violations of N.J.A.C. § 8:43-G15.3(d) (2014), a state regulation governing the charges that a hospital or third party may charge a patient for a copy of his medical records. *Id.* ¶ 1. The named Plaintiffs allege that the Defendants unlawfully charged them and others similarly situated "unauthorized service fees" for "services other than the basic retrieval, copying and shipping of medical records," including a $5.00 "Certification Fee." *Id.* at 4-5 ¶¶ 5, 10, 13. They list four counts: violation of § 8:43G-15.3(d), *id.* ¶¶ 37-43; violation of

1

New Jersey's consumer fraud act, N.J.S.A. § 56:8-2 (2012), *id.* ¶¶ 44-51; fraudulent and negligent misrepresentation, *id.* ¶¶ 52-58; and unjust enrichment, *id.* ¶¶ 59-63. They request, among other things, injunctive relief, costs, attorneys' fees, treble damages and punitive damages. *Id.* at 18.

Defendant Healthport removed the action on May 1, 2014, citing 28 U.S.C. §§ 1332 and 1441, the Class Action Fairness Act ("CAFA") and "all other applicable bases for removal." Notice of Removal at 2. It argues that removal is appropriate under CAFA because the parties are minimally diverse, the proposed class contains at least 100 members, and the aggregate amount in controversy exceeds $5,000,000. *Id.* ¶ 11. Plaintiffs now move to remand, arguing that Defendant's amount in controversy calculation is faulty and that removal is inappropriate under the "local controversy" and "home state" exceptions to CAFA jurisdiction. Pl.'s Mot. to Remand at 6 (ECF No. 10-1).[1] Healthport opposed, ECF No. 14, and the other Defendants joined Healthport's opposition, ECF Nos. 15, 16.[2] Plaintiffs replied. ECF No. 22. Defendant sought permission to file a sur-reply, which the Court denies. ECF No. 23.

## STANDARD OF REVIEW

"By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing 28 U.S.C. § 1441(a) (2012)). But as a general rule, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (further citation omitted)).

---

[1] The Court does not reach the "local controversy" and "home state" exception issues.
[2] For simplicity, the Court will refer to the filings of a singular defendant.

2

Under CAFA, federal district courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, at least one plaintiff and one defendant are citizens of different states, and the class consists of 100 or more persons. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). A state court class action meeting these requirements can be removed to federal court. 28 U.S.C. § 1441; *Knowles*, 133 S. Ct. at 1348.

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) and *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006)). This is true for CAFA as well as other bases of federal jurisdiction, but the burden can change depending on whether the parties dispute jurisdictional facts. *Id.* If they do, "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Id.* at 194 (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). In other words, the burden stays with the remover. But if the parties do *not* dispute the jurisdictional facts and the amended complaint does not stipulate to an amount in controversy below the threshold, then the burden shifts to the party resisting jurisdiction, who must show to a legal certainty that the threshold cannot be reached. *Frederico*, 507 F.3d at 196-97 (citing *Samuel-Bassett*, 357 F.3d at 397 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))). "The concept of legal certainty is not well defined, but falls somewhere below 'absolute certainty' and above 'preponderance of the evidence.'" *Hoffman v. DSE Healthcare Solutions, LLC*, No. 13-cv-7582 (JLL), 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014). *See Nelson v. Keefer*, 451 F.2d 289, 293 (3d Cir. 1971) (quoting a 7th Circuit decision

finding that a party asserting jurisdiction need not demonstrate the jurisdictional amount "to an absolute certainty" but only to a "legal certainty") (quoting *Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310, 311-312 (7th Cir. 1970)); *see also Stephenson v. Consolidated Rail Corp.*, 2013 WL 1750005, at *2 (D.N.J. April 23, 2013) ("The 'legal certainty' standard is somewhat amorphous . . . .").

## DISCUSSION

The parties agree that the parties are diverse and that plaintiffs are sufficiently numerous, but dispute whether the amount in controversy exceeds $5 million.

### I. Defendant Bears the Burden

Defendant argues that, because there is no genuine dispute about jurisdictional facts, the burden has shifted to Plaintiffs to show to a legal certainty that the amount in controversy cannot exceed $5 million.[3] Not. of Removal ¶ 20; Opp'n to Remand at 6. It believes the burden. *Id.*

But there is a dispute. Defendant believes that the amended complaint "implicates Healthport's total revenue" from the named hospitals and put forth evidence of that revenue, Def.'s Notice of Removal ¶ 23, but Plaintiff says that Defendant's calculation "bears no relation to the actual claims asserted by Plaintiffs," Pl.'s Mot. to Remand at 9. Under the Third Circuit's guidance in *Frederico*, this is a dispute about jurisdictional facts which requires the removing party to "justify [its] allegations by a preponderance of the evidence." 507 F.3d at 194. In other words, the burden is on the Defendant to "show . . . that it is more likely than not that the

---

[3] Though Defendant ostensibly asserts removal on "other applicable bases," there is no plausible argument that any plaintiff's claim could exceed the $75,000 threshold required for ordinary diversity jurisdiction. *See, e.g., Shah v. Hyatt Corp.*, 425 Fed. App'x 121, 124 (3d Cir. 2011) (considering both amount in controversy thresholds).

4

aggregate of [Plaintiffs'] proposed claims will meet or exceed $5,000,000." *Heleine v. Saxon Mortgage Svcs., Inc.*, No. 11-cv-5695 (FLW), 2013 WL 1352257, at *4 (D.N.J. Apr. 2, 2013).

## II. Calculating the Amount in Controversy

Defendant has failed to carry this burden.

The Court "discern[s] the amount in controversy by consulting the face of the amended complaint and accepting the plaintiff's good faith allegations." *Dolin v. Asian Am. Accessories, Inc.*, 449 Fed. App'x 216, 218 (3d Cir. 2011) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)); *see also In re Briscoe*, 448 F.3d at 217. The court may also consider the notice of removal and pleadings, "as well as evidence that the parties submit." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 n.1 (3d Cir. 2013) (citing *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013)).

The amount should be calculated "by a reasonable reading of the value of the rights being litigated," i.e., whether a reasonable jury could award damages in excess of the threshold. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). "The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Dolin*, 449 F. App'x at 218 (quoting *Samuel-Bassett*, 357 F.3d at 403). The calculation should incorporate punitive damages and attorney's fees. *Frederico*, 507 F.3d at 199 (citation omitted).

Defendant argues that the $5 million threshold is reached because the amended complaint "implicates Healthport's total revenue" from the named hospitals. Def.'s Notice of Removal ¶ 23. It offers that, in the class period, it earned revenue of $1,440,000 from requests for medical records received from patients' attorneys and another $600,000 from patients directly. *Id.* Defendant trebles the $1.44 million figure and adds 30% attorney fees to reach a figure of

$5,616,000, not including punitive damages. *Id.* Plaintiffs respond that it is inappropriate to consider Healthport's "entire medical record reproduction revenues as a whole," a figure which "bears no relation to the actual claims asserted by Plaintiffs." Pl.'s Mot. to Remand at 9.

Plaintiffs are correct. The Court begins with the complaint. The amended complaint, despite Defendant's claim, simply does not "implicate Healthport's total revenue." It seeks redress for "unauthorized service fees," Compl. ¶ 1, which it defines as "fees for services other than the basic retrieval, copying and shipping of requested medical records," *id.* ¶ 16. *See also id.* ¶ 23 (defining the class as any patient who requested a medical record from one of the Defendants and "suffered economic damages as a result of the payment of service fees that were imposed by Defendants in excess of those expressly authorized under N.J.A.C. 8:43G-15.3(d).").[4]

The Court also considers the Notice of Removal and the attached affidavit declaration of Janet McDavid, Defendant's General Counsel. ECF Nos. 1, 1-5. But it is glaringly apparent that the figures in the notice of removal, identified as "revenue from copying services," sweep in revenue for "basic retrieval, copying and shipping"—the types of charges Plaintiffs specifically exclude from their claims. Not. of Removal ¶ 23; McDavid Decl. ¶¶ 6-7. Defendant provides no plausible explanation why these total revenue figures might be relevant and has not shown or even suggested what portion of the $2,040,000 it earned in the class period it could attribute to charges other than copying, searching or shipping. In response to Plaintiffs' argument that they

---

[4] New Jersey Administrative Code § 8:43G-15.3(d) provides that, when a patient requests his medical record, a "copy of the record shall be furnished at a fee based on actual costs." Authorized charges include a "fee for copying records"—with limits of $1.00 per page for the first 100 pages, $0.25 for all pages after that, and an absolute cap of $200— "[a] search fee," and "[a] postage charge of actual costs for mailing." *Id.* § 8:43G-15.3(d)(1), (2). However, "[n]o charges shall be assessed other than those" for copying, search, and shipping. *Id.* § 8:43G-15.3(d)(2)(ii).

6

do not seek refunds for every penny class members paid to Defendant, only for "unauthorized service fees," Defendant says that every type of fee it charges is a "service fee" and therefore the amended complaint must have implicated its entire revenue stream. Def.'s Opp'n to Pl.'s Mot. to Remand at 1 ("All of HealthPort's revenue is generated from the service fees it charges for the medical record copying services it provides."). The amended complaint does no such thing and Defendant's submissions do not demonstrate otherwise by a preponderance of the evidence.

Defendant's attempt to recast this argument as a sur-reply is unavailing. It argues that this additional submission is necessary because Plaintiffs made a new argument on reply: that they are challenging only the fees under N.J.A.C. 8:43G-15.3(d)(2), and therefore the amended complaint itself must have included the copying fees in subsection (d)(1). Def.'s Proposed Sur-reply (ECF No. 23-2). This is not a new argument in Plaintiff's reply—the amended complaint expressly excludes fees for copying. Am. Compl. ¶¶ 3, 16, 27(a), 38, 54, 57, 60. The sur-reply is not necessary and the motion to file it is denied.

"[B]efore this Court can engage in the . . . jurisdictional analysis, it must have all the necessary facts to do so." *Resolution Mgmt. Consultants, Inc. v. Hickey*, CIV.A. 10-6243 RMB, 2011 WL 2609854 (D.N.J. June 29, 2011). Defendant has not submitted facts sufficient for the Court to analyze whether the jurisdictional threshold is reached and so has not met its burden. *See, e.g., Valerio v. Mustabasic*, No. 07-cv-534 (JLL) (CCC), 2007 WL 2769636, at *4 (D.N.J. Sept. 21, 2007) ("When determining if the jurisdictional threshold has been met, if this Court has to guess, defendant has not proved its point.") (citation and quotation marks omitted); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) ("Defendant's suspicion that Plaintiff's claims may be worth more than the jurisdictional amount falls far short of establishing

NOT FOR PUBLICATION

by a preponderance the Court's subject-matter jurisdiction."). Plaintiff's motion to remand is granted.

## CONCLUSION

Defendant's motion for permission to file a sur-reply is denied. Plaintiff's motion to remand is granted—this action will be remanded to Superior Court of New Jersey, Essex County. An appropriate order follows.

July 30, 2014

/s/
United States Senior District Judge